ISABELLA L. LAKE, as Administratrix, etc., of HIRAM LAKE, Deceased, Respondent, *v.* GEORGE W. ANDERSON, Appellant.

*Reference, by consent, of issues other than those created by the pleadings — objection cannot be raised after the referee has filed his report, under a reservation of a right to move to dismiss the complaint.*

Where the parties to an action stipulate that certain specific issues, different from those raised by the pleadings, shall be referred to a referee to take testimony thereon and report the same to the court, the defendant cannot, after the referee has filed his report and the court has made a decision upon the issues embraced in the stipulation, complain that the judgment is unauthorized upon the ground that the cause of action proved was not the cause of action set forth in the complaint.

The defendant is not entitled to raise such an objection under a provision of the stipulation reserving to him the right, upon the coming in of the referee's report, to make a motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

APPEAL by the defendant, George W. Anderson, from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 6th day of September, 1901, upon the decision of the court rendered after a trial at the Broome Special Term, with notice of an intention to bring up for review upon such appeal an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 19th day of August, 1898, upon the decision of the court rendered after a trial at the Broome Special Term.

This judgment determined the terms of the partnership existing between the defendant and Hiram Lake, plaintiff's intestate, prior to January 13, 1896, when Hiram Lake died, and further stated the account between the parties. In the complaint the plaintiff alleged, *first*, her appointment as administratrix; " II. That on or about April 1st, 1892, the defendant formed a copartnership with the said Hiram Lake, to be carried on at Brewster, Putnam County, N. Y., under the firm name and style of Anderson & Lake, on the following terms and conditions, in substance : The said defendant, being related to said Lake and being desirous of helping him in a business way, agreed that he would lend the use of his name and credit to

the firm and would give a little time to the concern, for which he was to receive a reasonable compensation. The said Lake was to conduct the business and devote all his time to it and have all the profits therefrom.

" III. That accordingly the business was begun at that time and so continued until the death of said Lake, whereupon, as surviving partner, the defendant took possession of the assets, books and papers of said firm and has substantially disposed of the same, and now has in his hands many thousand dollars of the assets of said partnership which rightfully belong to this plaintiff."

The demand was for an accounting, the appointment of a receiver, and general relief. In the answer of the defendant, the partnership with Hiram Lake was admitted. The terms thereof as alleged in the complaint were denied, and it was alleged that they were to share equally in the expenses and profits. The answer further alleged that upon the death of Hiram Lake, the defendant took possession of the assets, books and property of said firm, and thereafter in or about March, 1896, sold and disposed of the partnership property and business, and that defendant has diligently endeavored to close up the partnership matters but has not yet been able to do so. The demand of the answer is that the accounting be delayed until defendant can have a reasonable time to close up the partnership affairs and business and until such time as he is able to make a full accounting to said plaintiff, and that the said complaint be dismissed, with costs.

The action was commenced about the 15th of September, 1896. After issued joined, and upon the 7th day of September, 1897, the parties entered into a stipulation, of which the following is a copy :

" SUPREME COURT, BROOME COUNTY.

" ISABELLA L. LAKE, as Administratrix of the Goods, Chattels and Credits of HIRAM LAKE, Deceased, *Plaintiff*,

       *against*

GEORGE W. ANDERSON, *Defendant.*

" It is hereby stipulated and agreed by and between the attorneys for the respective parties, plaintiff and defendant, subject to the

conditions hereinafter set forth, that the above action be referred to H. L. Beach, Esq., an attorney and counselor at law, Binghamton, to take and report to the court the testimony of the witnesses which may be produced in the above action by either party, as to the interest of Hiram Lake, plaintiff's intestate, or the interest of said plaintiff, and the interest of said defendant in the alleged partnership mentioned and referred to in said action.

" And that said defendant render to said referee a full account of his proceedings as surviving partner of Hiram Lake, deceased, and that said referee take and report the testimony in reference to said account.

" This stipulation is made subject to the following conditions : And it is hereby stipulated that the defendant's attorney may have the privilege of moving at any Special Term of this court, within this Sixth Judicial District, to dismiss the plaintiff's complaint, the same as though the motion was made at the trial, on the grounds that the same does not set forth facts sufficient to constitute a cause of action.    At any time before said testimony is taken by said referee, or at his election, said defendant may make said motion before said referee, to be determined by this court on the coming in of said referee's report.

" Dated *Sept.* 7, '97.

"WALES & WILBER, *Plff's Attys.*
"J. C. & B. I. TALLMADGE, *Def'ts Attys.*"

The matter was brought to trial before Referee Beach, who reported the evidence to the court, whereupon Justice LYON, at Special Term, found the terms of the partnership to be that Hiram Lake was to receive a reasonable compensation for his time, and, in addition, one-half of the profits of the business. An accounting was thereafter had before the said referee, who found the defendant indebted to the plaintiff in the sum of $2,532.80, for which judgment was ordered, with costs and an extra allowance. From this judgment defendant has appealed.

*J. C. Tallmadge,* for the appellant.

*A. D. Wales,* for the respondent.

SMITH, J. :

Upon this appeal this complaint is not challenged as not stating a cause of action. The criticism is that it does not state the cause of action upon which judgment has been rendered. Objection was duly made during the course of the trial that the cause of action sought to be proven was not the cause of action alleged in the complaint, and to the decision of the court, overruling this objection, exception was duly taken. Plaintiff has, without doubt, recovered upon a cause of action not alleged in her complaint as against the objection and exception of the defendant, made in due form and in due time. The judgment cannot stand for a moment unless the defendant has in some way waived rights which are ordinarily accorded to a party in an action by the rules of pleading. After issue was joined, however, upon the pleadings, the parties entered into a stipulation of reference. This stipulation did not refer the issues in the action, but referred to the referee specific questions : *First*, the said referee was to take and report to the court the testimony which might be produced by either party as to the interest of Hiram Lake and the interest of the defendant in the alleged partnership. It was further provided by said stipulation that the defendant was to render to said referee a full account of his proceedings as surviving partner of Hiram Lake. Whatever, therefore, may have been the allegations of the complaint in the action, the issues were framed by the parties themselves by this stipulation. The issues formed by the pleadings were discarded, and the issues stipulated were substituted therefor. The evidence was taken upon the reference and the decision made squarely upon the issues named in the stipulation. It, therefore, does not lie with the defendant to complain that the court has disregarded the issues formed by the pleadings, which issues he himself has disregarded and supplanted by other issues stipulated. It is true that this stipulation reserved the right for the defendant to move to dismiss the complaint. But that motion was to be made upon the ground that the complaint did not allege facts sufficient to constitute a cause of action. The right to move to dismiss upon the ground that the action proved did not conform to the pleadings was not reserved. It is apparent that the reservation of this right to move to dismiss the complaint upon the ground stated was for the pur-

pose of fastening the costs upon the plaintiff. This is evident from the provision in the stipulation that the motion might be made before the referee to be determined upon the coming in of the reference. Upon the coming in of the reference a motion was made to dismiss the complaint upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and this motion was denied. The argument of the appellant upon this appeal seems to concede that a cause of action at law is well stated, and his motion to dismiss upon that ground was, therefore, properly denied.

The conclusion of the trial court is also challenged as against the weight of evidence. We have carefully examined the evidence and find abundant support for the conclusion reached. The questions were purely questions of fact decided upon conflicting evidence, and it cannot be said that the evidence so preponderates against the conclusion reached as to authorize a reversal as against the weight of evidence. We perhaps would have been better satisfied if compensation had been allowed for the defendant's time and disbursements, but the proof to establish what time and disbursements were given by him to the business is vague and somewhat contradictory. We do not feel authorized to disturb the conclusion of the court below, that provision for defendant's compensation was not contemplated in the partnership agreement.

The claim of the appellant that the action was prematurely brought, if otherwise good, is waived by the stipulation of reference.

We have examined the other objections urged against the judgment and see no sufficient reason for reversal. The judgment should, therefore, be affirmed.

Judgment unanimously affirmed, with costs.